KAREN LECRAFT HENDERSON, Circuit Judge,
concurring:
It seems “somewhat peculiar” indeed, as Board Member Kirsanow observed, to order an employer “to bargain with a union representing employees that the [employer] would be required to discharge under the Immigration Reform and Control Act, 8 U.S.C. § 1324a.” Agri Processor Co., 347 N.L.R.B. No. 107, at 1 n. 2 (2006). Moreover, as the dissent makes clear, it is hard to ignore Sure-Tan’s reliance on the absence of any provision in the Immigra *10 tion and Naturalization Act making it “a separate criminal offense for an alien to accept employment after entering this country illegally,” Sure-Tan, Inc. v. NLRB, 467 U.S. 883, 893, 104 S.Ct. 2803, 81 L.Ed.2d 732 (1984), and the fact that, shortly thereafter, the Congress enacted IRCA, which does precisely that. Nonetheless, Sure-Tan concluded that the broad statutory definition of “employee” in the NLRA does not exclude an illegal immigrant and we must follow Sure-Tan’s interpretation until the Supreme Court otherwise directs or the Congress expressly limits the term’s scope. See Welch v. Tex. Dep’t of Highways & Pub. Transp., 483 U.S. 468, 478-79, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987). Accordingly, I join the majority opinion.